**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARRY FRIEDMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EARLY WARNING SERVICES, LLC,<br><br>　　　　　Defendant. | Case No. CV 20-11411 FMO (JPRx)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

　　　Plaintiff Barry Friedman ("plaintiff") filed his complaint on December 17, 2020 (Dkt. 1).  By order dated March 9, 2021, plaintiff was ordered to show cause, on or before March 16, 2021, why this action should not be dismissed for plaintiff's failure to complete service of the summons and complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure.  (See Dkt. 11, Court's Order of March 9, 2021, at 1).  Plaintiff's counsel filed a response on March 16, 2021, (see Dkt. 12, Declaration of Katherine M. Bond [ ]), and on March 18, 2021, the court granted plaintiff an extension on his time to serve process until April 16, 2021, but warned him that "[n]o further extensions will be granted or considered."  (See Dkt. 14, Court's Order of March 18, 2021, at 1).  Plaintiff was also admonished that "[f]ailure to file the proof of service by the deadline shall result in the dismissal of the action and/or the defendant that has not appeared in the case and for which plaintiff has not filed a proof of service."  (Id.).  As of the date of this Order, plaintiff has not filed a proof of service of the summons and complaint on defendant.  (See, generally, Dkt.).

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]"  In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders.  Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386 (1962) (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order).  Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy.  Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  These factors include:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Pursuant to Rules 4(m) and 41(b) and the Court's inherent power to achieve the orderly and expeditious disposition of cases, Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and in light of the factors outlined in Thompson and Henderson, supra, dismissal of this action without prejudice for failure to effect service within the specified time and comply with the Court's Order of March 18, 2021 (Dkt. 14), is appropriate.

Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to effect service and comply with the orders of this Court.
Dated this 26th day of April, 2021.

                                              /s/
                            Fernando M. Olguin
                       United States District Judge